UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT WILSON,            )<br>                                              )<br>        Plaintiff,              )<br>                                              )<br>   v.                                      )<br>                                              )<br>                                              )<br>FBI, et al.,                            )<br>                                              )<br>                                              )<br>        Defendants.          ) | Civil Action No. 1:23-cv-01640 (UNA) |

**MEMORANDUM OPINION**

This matter was transferred to this court from the United States District Court for the District of New Mexico on June 7, 2023. *See* Transfer Receipt, ECF No. 8. The District of New Mexico granted the *pro se* plaintiff's own Motion to Transfer. *See* Transfer Order ("Tr. Ord."), ECF No. 7. Namely, the transferring court found that the bulk of plaintiff's claims were frivolous, but also found that plaintiff's amended complaint ("Am. Compl."), ECF No. 3, hinted at a potential habeas corpus claim, *see* Tr. Ord. at 1 (citing Am. Compl. at 4–5). Because plaintiff, it appears, was convicted and sentenced in the Superior Court for the District of Columbia, the transferring court found that venue was improper in the District of New Mexico, and that venue would instead be appropriate here. *See id*. at 1–3 (citing Am. Compl. at 2–5). This court will now preliminarily review this matter, and for the reasons discussed below, the court will grant plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and dismiss this case without prejudice.

Despite having already taken the opportunity to amend the complaint, plaintiff's operative pleading is not a model of clarity. Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 against the FBI and former Senator John Kerry, and he demands $3 million in damages. *See* Am. Compl. at 1, 7. He alleges that Defendant Kerry allegedly pointed at him in public in furtherance of a

conspiracy with the FBI to give him AIDS. *See id*. at 2–3, 6–7. He alleges that this conspiracy has continued and that defendants, and others, have surveilled him, kidnapped him, and attempted to silence him regarding the same said conspiracy. *See id.* at 4–6. He attributes myriad misfortunes to this alleged widespread conspiracy, including purported unlawful arrests, resulting in an unconstitutional criminal trial, conviction, and subsequent probation violation. *See id.* at 4–7.

*First*, the court finds the entire complaint to be frivolous. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Although the transferring court acknowledged plaintiff's discussion of his alleged ineffective assistance of trial counsel and unconstitutional conviction, *see* Tr. Ord. at 1, plaintiff includes this discussion as a self-styled example of the alleged overarching governmental conspiracy against him, *see* Am. Compl. at 4–7. He neither references habeas corpus, nor cites to the relevant statute; indeed, he demands only money damages, explicitly resulting from defendants' alleged efforts to give him AIDS. *See id*. at 7. So all of the allegations are frivolous, and the court simply cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality,"

including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard in full.

*Second*, even if plaintiff were clearly mounting a challenge to his Superior Court conviction, this Court is without jurisdiction to adjudicate the claim. As a general rule, applicable here, this court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

Plaintiff's recourse to challenge his conviction lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). "Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991).

Notably, unlike prisoners convicted in state courts or in a federal district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the

local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd*, 119 F.3d at 36–37 ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.").

More specifically, Section 23-110 holds that:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). This local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123–25 (D.D.C. 2011). And a plaintiff's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render his remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). Here, plaintiff has not pled, let alone shown, that his local remedy is inadequate to address any such grounds for relief.

*Third*, with respect any demand for damages as it relates to plaintiff's conviction and sentence, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). If judgment were to be granted in plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Therefore, because there is no indication that any verdicts have been set aside, plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction and sentence. *See Williams v. Hill,* 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

For all of these reasons, the court will dismiss this matter without prejudice. An order consistent with this memorandum opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Date: 6/9/2023